ORIGINAL

FILED

12/13/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0545

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0545

LINDSAY B. GOUDREAU,

　　　　Petitioner, Appellee,
　　　　and Cross-Appellant,

v.

JEFFREY A. GOUDREAU,

　　　　Respondent, Appellant, and
　　　　Cross-Appellee.

ORDER

FILED

DEC 13 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellant and Cross-Appellee Jeffrey A. Goudreau (Jeffrey) moves to stay the enforcement of the June 7, 2022 Findings of Fact, Conclusions of Law, and Decree of Dissolution of the Eleventh Judicial District Court, Flathead County, in its Cause No. DR-20-064(B), pending the resolution of his appeal before this Court. Appellee and Cross-Appellant Lindsay B. Goudreau (Lindsay) opposes Jeffrey's motion to stay.

Jeffrey moved the District Court to stay judgment pending appeal pursuant to M. R. App. P. 22(1)(a)(i). On November 25, 2022, the District Court granted Jeffrey's motion on the condition that he post a supersedeas bond in the amount of $407,000 by November 29, 2022. M. R. App. P. 22(1)(b) requires that an appellant desiring a stay of execution must post a supersedeas bond unless the opposing party waives the requirement, which Lindsay has not done.

Jeffrey did not post the supersedeas bond. Instead, he has moved this Court to waive the bond requirement and grant a stay under M. R. App. P. 22(2).

M. R. App. P. 22(5)(a) provides that in cases in which a supersedeas bond is otherwise required, "the court, in its discretion, may allow alternative forms of security other than a bond, when adequate equivalent security is provided and the appealing party can show that the judgment creditor's recovery is not in jeopardy." Jeffrey asserts that the

property itself provides adequate security and therefore no bond should be required. Jeffrey argues that the District Court erred because it was required to analyze whether the property itself is adequate security.

The District Court had the discretion to determine if Jeffrey could provide an alternative form of security other than a bond. The mere existence of the property does not, in and of itself, constitute providing security; nor has Jeffrey demonstrated that the property's existence demonstrates that Lindsay's recovery is not in jeopardy.

Under Rule 22(2)(a), upon the grant or denial of a motion to stay judgment or order of the district court pending appeal pursuant to Rule 22(1)(a)(i), a party may move for relief from that order in this Court. The movant must demonstrate good cause for the relief requested, supported by affidavit. Jeffrey has not done so in this case,

Therefore,

IT IS ORDERED that the M. R. App. P. 22(2)(a) motion of Appellant and Cross- Appellee Jeffrey A. Goudreau is DENIED.

The Clerk is directed to provide copies of this order to all counsel of record and to Hon. Robert B. Allison, presiding.

DATED this 3 day of December, 2022.

_____

_____

_____

_____

_____
Justices

2